**Perry COOK, Plaintiff,**

v.

**FORD MOTOR COMPANY—UAW RETIREMENT PLAN, Defendant.**

**Civ. A. No. 85–72837.**

United States District Court, E.D. Michigan, S.D.

July 16, 1987.

David J. Cooper, Tecumseh, Mich., for plaintiff.

William F. Canever, Dearborn, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Perry Cook ("Cook") brings this action to challenge a decision by the Ford Motor-UAW Retirement Plan ("Plan") denying his application for disability retirement benefits. The Plan moves for summary judgment. Upon stipulation of counsel, I have held this matter in abeyance since May 26, 1986 pending the outcome of a grievance filed by the UAW on behalf of Cook. I now decide the Plan's motion because Cook's counsel reports that the UAW has withdrawn the grievance. Jurisdiction lies under 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

Ford Motor Company ("Ford") fired Cook in 1976 over an altercation with a foreman. Cook did not grieve his dismissal. Four years later, Cook applied to the Plan for disability benefits claiming he was incurably insane. The Plan rejected the application because Cook was not a Ford employee.

The Plan's decision must stand unless I find it arbitrary and capricious. *See Moore v. Reynolds Metals Co. Retirement Program for Salaried Employees*, 740 F.2d 454, 457 (6th Cir.1984) (review of a plan's

decision denying benefits "is limited to a determination of whether the trustees' actions in administering or interpreting a plan's provisions are arbitrary and capricious"), *cert. denied*, 469 U.S. 1109, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985). Cook admits he failed to satisfy the Plan's employment requirement, but he contends that the Plan should have excused the failure because insanity allegedly prevented him from understanding the Plan's requirements.

Cook does not cite any contractual, statutory, or case authority empowering the Plan to waive its requirements for an applicant who misunderstands them. Cook's real claim, albeit unarticulated, is that Ford should not have discharged him for an altercation allegedly spawned by disabling insanity. The Plan has no power to review Ford's decision. It was neither arbitrary nor capricious for the Plan to reject a collateral attack on Cook's discharge and to enforce its regular requirements.

Accordingly, the Plan's motion for summary judgment is GRANTED.

IT IS SO ORDERED.